1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   ERICA D. HAYWOOD,                      Case No.:  18cv2012-CAB-WVG

12                            Petitioner,
                                            **ORDER DISMISSING PETITION**
13   v.                                     **FOR WRIT OF MANDAMUS**
                                            **WITHOUT PREJUDICE**
14   SUPERIOR COURT OF SAN DIEGO ,

15                            Respondent.

16

17        On August 21, 2018, Petitioner, a prisoner proceeding pro se, filed a First Petition

18   for Writ of Mandamus which, while somewhat incomprehensible, appears to involve

19   issues regarding her arrest on April 14, 2018 and the subsequent state court criminal

20   proceedings.  [Doc. No. 1.]  Petitioner has filed several petitions in this Court involving

21   the same or similar issues with regard to the April 14, 2018 arrest.  *See e.g. Haywood v.*

22   *San Diego County Sheriff*, 18cv2579-CAB-RBM (filed November 13, 2018); *Haywood v.*

23   *San Diego County Sheriff*, 18cv1252-CAB-WVG (filed June 12, 2018).  In Case No.

24   18cv2579, filed after the Petition in this case was filed, Petitioner admitted that she had

25   not yet received a decision on her direct appeal to the California Court of Appeal.

26   [18cv2579, Doc. No. 1 at 2.]  Therefore, just as in Case No. 18cv2579, this Petition must

27   be dismissed because it is clear that this Court is barred from consideration of the claims

28   by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).  Under

1

*Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46.

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. At the time Petitioner filed this Petition, she admits that she has yet to receive a decision on her direct appeal to the California Court of Appeal. [18cv2579, Doc. No. 1 at 2.] Thus Petitioner's criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve important state interests.

Finally, Petitioner has failed to show that she has not been afforded an adequate opportunity to raise the federal issues on direct appeal. Petitioner offers nothing to support a contention that the state courts do not provide her an adequate opportunity to raise her claims, and this Court specifically rejects such an argument. Indeed, Petitioner's claims of errors in peremptory challenges and *Marsden* hearings are just the type of claims that the state courts provide an opportunity to raise on direct appeal. In addition, Petitioner admits she currently has an appeal pending in state court. (*Id.*) Abstention is therefore required. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (*Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")

Because Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings, her Petition is **DISMISSED** without prejudice. *Juidice v.*

18cv2012-CAB-WVG

1    *Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may

2    not retain jurisdiction but should dismiss the action.)

3        IT IS SO ORDERED.

4    Dated: February 14, 2019

5

                             Hon. Cathy Ann Bencivengo

6                              United States District Judge